```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PENNY RENEE JOHNSTON, wife               CIVIL ACTION
of/and AUGUST JOSEPH MAURER,
III

VERSUS                                   NO: 04-1218

GENERAL ELECTRIC COMPANY                 SECTION: "J" (1)
```

## ORDER AND REASONS

Before the Court is **the Motion in Limine to Exclude the Opinions of Frederick M. Brooks (Rec. Doc. 21)** filed by Defendant. This motion was set for hearing, with oral argument, on July 19, 2006. After review of the record, the memoranda of counsel, and the applicable law, this Court now finds that oral argument is not necessary and hereby **CANCELS oral argument**. For the reasons expressed below, this Court concludes that Defendants' motion should granted.

## FACTUAL BACKGROUND

Plaintiff sued Defendant under the Louisiana Products Liability Act ("LPLA"), after he allegedly sustained a severe electrical burn to his left hand while cooking lobsters on a stove that he claims was defective and that was manufactured by Defendant. Defendant states that the stove was in use for more than one year before the accident.

**PROCEDURAL BACKGROUND**

In November of 2005, Defendant filed a motion in limine to exclude opinions of Frederick M. Brooks, Plaintiff's electrical engineering expert, as they were irrelevant, unreliable and inadmissible pursuant to <u>Daubert</u> and its progeny.  (Rec. Doc. 21).  Plaintiffs opposed the motion and argued that additional time was needed so their expert could complete testing and supplement his report.  (Rec. Doc. 27).  This Court gave Plaintiffs the requested additional time, after also continuing the trial date.  This Court instructed Defendant to re-file the motion in limine after supplementation of Brooks' report. (Rec. Doc. 28).  Defendant has now re-urged its motion - essentially arguing that Plaintiff has done nothing in the way of supplementing the report; the deadline for doing so was June 16, 2006.  Plaintiff has informed the Court that he has nothing new to add to this argument, and he stands by his original opposition.

**DISCUSSION**

Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579,

589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court interpreted Rule 702 as requiring the trial judge to ensure that an expert's testimony is both reliable and relevant to the case at hand. <u>Daubert</u>'s gatekeeping function applies not only to "scientific" testimony, but to all expert testimony. <u>Kumho Tire Company, Ltd. v. Carmichael</u>, 526 U.S. 137, 146-148, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). In evaluating whether an expert's testimony is reliable and relevant, the district judge must assess whether the "reasoning or methodology underlying the testimony is scientifically valid" and also must determine whether the reasoning or methodology can be applied to the facts at issue. <u>Curtis v. M & S Petroleum, Inc.</u>, 174 F.3d 661, 668 (5th Cir.1999). The proponent of expert testimony is not required to prove that the testimony is correct, but must only prove "by a preponderance of the evidence that the testimony is reliable." <u>Moore v. Ashland Chemical, Inc.</u>, 151 F.3d 269, 276 (5th Cir.1998), <u>cert. denied</u>, 526 U.S. 1064, 119 S.Ct. 1454, 143 L.Ed.2d 541 (1999).

## DEFENDANT'S MOTION IN LIMINE

Defendant noted, in its original motion in limine (Rec. Doc. 21), that Plaintiff's electrical engineering expert, Frederick M. Brooks, claims that Plaintiffs meet their burden of proof under Louisiana Products Liability Act ("LPLA") because the stove had a design defect which may have caused Plaintiff's damages. Defendant argued (and reasserts now) that Brooks' opinion is not

based on any application of fact to scientific or engineering principles and is, therefore unreliable, irrelevant and inadmissible under Daubert and its progeny.

Brooks examined the stove and discovered no anomalies with its electrical system. (Exhibit D to Rec. Doc. 21). However, Brooks attempted to reconstruct the accident, assuming that Plaintiff was shocked, and also set forth several scenarios that could have resulted in a shock to Plaintiff. Defendant now claims Brooks has withdrawn all but one of those scenarios: the control knob for the left, rear burner may have fallen off due to contact by the pot during the cooking sequence; the fallen knob may have ignited on the burner, causing it to melt; the molten knob may have flowed to form a bridge between the burner connection and the shell of the stove; and the molten material may have conducted electricity, thereby energizing the shell of the stove. Essentially, Defendant asserts that Brooks' opinion is unreliable and irrelevant because it is only speculation and is based on a fictitious, imagined set of facts and, therefore, is not the product of the application of facts to any scientific theory and should be deemed inadmissible.

In Opposition to Defendant's original motion, Plaintiff stated that Defendant should not be allowed to argue that Brooks' opinions and testimony were inadmissible when he had not had the chance to fully test his methodology.

This Court gave Plaintiff additional time to conduct more

testing; yet, he now informs the Court that he has nothing new to add to in opposition to Defendant's motion. Because his original opposition was, for the most part, premised on the proposition that more time was needed for his expert to conduct additional testing, this Court concludes that Plaintiff has presented little, if any, actual opposition to Defendant's motion. Further, this Court concludes that Defendant's motion has merit. Specifically, this Court finds that Brooks' opinion that the stove had a design defect which may have caused Plaintiff's damages is not based on any application of fact to scientific or engineering principles in violation of <u>Daubert</u> and its progeny and is, therefore, inadmissible. Accordingly,

**IT IS ORDERED** that **the Motion in Limine to Exclude the Opinions of Frederick M. Brooks (Rec. Doc. 21)** should be and hereby is **GRANTED.**

New Orleans, Louisiana this 17th day of July, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE